# EXHIBIT A

Skip to Main Content  Logout  My Account  Search Menu  Search  Refine Search  Back

Location : All Courts    Images

# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2020-00109

Robin G Thornton v. Tyson Foods Inc, et al.

§
§
§
§
§
§

| | |
|---|---|
| Case Type: | **Tort** |
| Date Filed: | **01/07/2020** |
| Location: | |
| Judicial Officer: | **Chavez, Benjamin** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Cargill Meat Solutions Corp** | |
| **Defendant** | **JBS USA Food Company** | |
| **Defendant** | **National Beef Packing Company LLC** | |
| **Defendant** | **Tyson Foods Inc** | |
| **Plaintiff** | **Thornton, Robin G** | A. Blair Dunn<br>*Retained*<br>505-750-3060(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 01/07/2020 | **Cause Of Actions** | Misrepresentation, Fraud | |
| | Action Type | Action | |
| 01/07/2020 | **OPN: COMPLAINT** | | |
| 01/07/2020 | **ARB: CERT NOT SUBJECT** | | |
| 01/09/2020 | **Summons** | | |
| | Tyson Foods Inc | Served | 01/13/2020 |
| | | Response Due | 02/12/2020 |
| | | Returned | 01/17/2020 |
| | Cargill Meat Solutions Corp | Served | 01/10/2020 |
| | | Response Due | 02/10/2020 |
| | | Returned | 01/17/2020 |
| | JBS USA Food Company | Served | 01/10/2020 |
| | | Response Due | 02/10/2020 |
| | | Returned | 01/17/2020 |
| | National Beef Packing Company LLC | Served | 01/14/2020 |
| | | Response Due | 02/13/2020 |
| | | Returned | 01/17/2020 |
| 01/09/2020 | **JDG: JUDGE EXCUSAL/PEREMPTORY CHALLENGE** (Judicial Officer: Barela-Shepherd, Denise ) | | |
| 01/09/2020 | **JDG: NOTICE OF JUDGE ASSIGNMENT** (Judicial Officer: Chavez, Benjamin ) | | |
| 01/17/2020 | **JURY DEMAND 6 PERSON** | | |
| 01/17/2020 | **SUMMONS RETURN** | | |
| 01/17/2020 | **SUMMONS RETURN** | | |
| 01/17/2020 | **SUMMONS RETURN** | | |
| 01/17/2020 | **SUMMONS RETURN** | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Thornton, Robin G | | | |
| Total Financial Assessment | | | 282.00 |
| Total Payments and Credits | | | 282.00 |
| **Balance Due as of 02/04/2020** | | | **0.00** |

| | | | | |
|---|---|---|---|---|
| 01/07/2020 | Transaction Assessment | | | 132.00 |
| 01/07/2020 | File & Serve Payment | Receipt # ALBD-2020-445 | Thornton, Robin G | (132.00) |
| 01/17/2020 | Transaction Assessment | | | 150.00 |
| 01/17/2020 | File & Serve Payment | Receipt # ALBD-2020-1512 | Thornton, Robin G | (150.00) |

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**1/7/2020 3:58 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Thomas Wilson**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**ROBIN G. THORNTON,**
on behalf of herself and others
similarly situated,

      **Plaintiff,**

v.                            **Case No.** _____D-202-CV-2020-00109_____

**TYSON FOODS, INC,**
**CARGILL MEAT SOLUTIONS, CORP.,**
**JBS USA FOOD COMPANY,**
**NATIONAL BEEF PACKING COMPANY, LLC**

      **Defendants.**

## CLASS ACTION COMPLAINT

    COMES NOW, Plaintiff Robin G. Thornton, by and through undersigned counsel of record Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq.) on behalf of herself and all others similarly situated, alleges, with personal knowledge as to her own actions, and upon information and belief as to those of others, the following against Defendants (collectively, "Packers" or "Defendants"):

## NATURE OF THE ACTION

1.    This is a proposed class-action complaint brought on behalf of one class and one subclass (further defined *infra),* comprising consumers who purchased beef products (the "Products," as further defined below) that are deceptively labeled and marketed.

2.    Country of Origin Labeling (COOL) is a mandatory U.S. labeling law enforced by the U.S.

5.     Since 2015, Defendants have been labeling beef that is imported into the U.S. post slaughter as "Product of the U.S." or some similar label designed to give the impression that the beef that the consumer is purchasing is from an animal born, raised and slaughtered in the United States. Likewise, since 2015 Defendants have imported cattle for immediate slaughter or for finishing in the United States and then labeled the products derived from those animals as "Product of the U.S." Since 2015, imports of beef to the United States are estimated to average $6.2 billion annually.

6.     Since 2015, Defendants have breached consumer trust by representing that some of their beef products are a "Product of the U.S." when in fact, the products are not derived from domestically originating cattle.

7.     In order to clearly understand the impact that beef imports are having on the market, and their availability to consumers to understand their prevalence, a conversion of live cattle to beef is illustrative. The USDA counts imported live cattle and converts imported beef into a live cattle equivalent. The agency uses a conversion factor of 592 pounds to determine the live cattle equivalent. For example, 1 billion pounds of imported beef is the rough equivalent of 1.7 million live cattle. As of 2019, Defendants as importers now control about 6.9 million cattle in the U.S. market. Only the state of Texas, which controls about 12.6 million cattle exceeds the importers' control. Neither Kansas nor Nebraska, which are the nation's second and third top cattle inventory states, even rival Defendants in domestic cattle inventory.

8.     Defendants' misrepresentations about beef that is a "Product of the U.S." prompts consumers to buy beef products with more confidence than they might otherwise have, and to pay more for them than they otherwise would.

9.      Plaintiff Thornton, like other reasonable consumers who see Defendants' representations about beef that is a "Product of the U.S.," did not expect the Products to be derived from non-domestic cattle. Plaintiff Thornton, like other reasonable consumers, purchased the Products believing that they were supporting American beef industry by purchasing Products labeled "Product of the U.S."

10.     By deceiving consumers about the true origin of the Products, Defendants are able to sell a greater volume of the Products, to produce cheaper products in other Countries, and to take away market share from competitors as well as pay lower prices to domestic producers, thereby increasing their own sales and profits.

11.     Because Defendants' labeling and advertising of the beef products are false and misleading to reasonable consumers, Plaintiff Thornton brings this case on behalf of herself and the members of the class and subclass seeking injunctive and monetary relief, as set forth more fully below.

## PARTIES

12.     Plaintiff Robin Thornton is a resident of Bernalillo County, New Mexico, and a long-time purchaser of beef Products. During the class period (as further defined below), Plaintiff Thornton has purchased beef products from Costco, Sam's Club, Smith's Grocery Store, Albertson's Grocery Store, Wal-Mart, Sprouts, and Whole Foods.

13.     When she purchased these Products, Plaintiff Thornton did so in reliance on the label representations. Plaintiff Thornton read the written representations about "Product of the U.S." or similar statements. Plaintiff Thornton understood the representations to mean that the Products she purchased were from cattle born, raised and slaughtered in the United States.

14.     Defendant Tyson Foods, Inc. is a Delaware corporation with its principal place of business

in Springdale, Arkansas.

15.     Defendant Cargill Meat Solutions Corporation is a Delaware corporation with its principal place of business in Wichita, Kansas.

16.     Defendant JBS USA Food Company, is a Delaware corporation with its principal place of business in Greeley, Colorado.

17.     Defendant National Beef Packing Company, LLC, is a Delaware corporation with its principal place of business in Kansas City, Missouri.

18.     Defendants manufacture and/or cause the manufacture of the Products, and market, distribute, and sell the Products throughout the United States, including in New Mexico.

## SUBSTANTIVE ALLEGATIONS

19.     In recent years, consumers have grown more concerned about health, sustainability, and animal welfare, leading them to consider how their food is produced. This increased consideration of food production has made consumers more reliant on domestically raised cattle in order to have confidence that the beef they are purchasing meets those concerns, thus a product that is labeled "Product of the U.S." generates a confidence in the consumer that the beef that they are about to purchase is from an American rancher that fulfills their socially conscious and environmentally responsible concerns including concerns that the beef they are about to consume isn't contributing to serious environmental degradation such as what is being experienced in the deforestation of Brazil.

20.     Consumers, like Plaintiff Thornton, actively seek products that provide assurances regarding animal welfare, food safety standards, environmentally sound production methods and support for the domestic producers. Consumers (as Defendants know) are willing to pay more for

products marketed in this way than they are willing to pay for competing products that do not provide these assurances, moreover when presented the choice between buying American beef and foreign beef consumers overwhelmingly prefer American beef.

21.     Defendants manufacture and market a variety of products from the muscle cuts of beef (the "Products") that are derived both from cattle born and raised in the United States and from imported beef either live or slaughtered elsewhere.

22.     Defendants represent to consumers that the Products (all of them, not just Products from cattle born and raised in the USA) are "Products of the USA" even though some of the Products they are selling to consumers were derived from cattle that never drew a breath of American air, much less were born here. The "Product of the U.S." packaging or similar labeling omitting where the Product actually originated from leads consumers to believe that the beef they are purchasing was born and raised on an American ranch or farm.

**I.      The Reality of the Imported Beef or Live Cattle for the Products Renders the Defendants' Advertising False and Deceptive.**

23.     In contrast to what Defendants have told consumers, the Products are made from a mixture of domestically born and raised cattle (actual "Product of the U.S.") and imported beef (approximately 3.06 billion pounds on average since 2014) as well as imported live cattle (approximately 1.94 million head on average since 2014). Unbeknownst to consumers who believe they are supporting exclusively American ranchers and farms raised according to that ethos they understand to be associated to the beef industry in this Country, Defendants are misleading them to use their patronage to support unknown, unqualified beef production practices, such as feedlot shipping across the oceans in an environmentally damaging fashion or such as the environmental devastation of deforestation of the Amazon Rain Forest for grazing witnessed in Brazil.

24.     The packaging of the Products presenting the Products as "Product of the U.S." or other

similar representations that are prominent on packaging, result in the representations that are necessarily seen by retail purchasers of the Products. Thus, representations made by Defendants regarding country of origin made to the distributors or to retailers that repackage the meat such as grocers, Costco or Sam's Club results in misleading and false representations being made to the consumer.

 



































25.     The packaging, with its "Product of United States" or "USDA Choice" with no accurate representation of country of origin, prominently directs purchasers to assume that the Products are actually derived from domestically born and raised cattle when in fact that may not be true at all.

26.     In the instance of the Costco packaging, the absence of the country of origin taken together, with "USDA Choice" or other grading label, are intended to, and do, portray to consumers that they are purchasing a "Product of the United States" which is contrasted to lamb which is required

14

to have accurate country of origin labeling.

27.     Contrary to the representations made by Defendants and passed on to retailers who make the representations to the consumers, much of the beef in the Products is not actually a product of the United States.

## II.     Defendants' Have Deceived Consumers and Are Aware That Their Representations Are False.

28.     America's ranchers and farmers have spent decades cultivating a reputation as an environmentally and socially conscious beef industry. Since 2015, when USDA went silent on COOL for beef and pork, Defendants have been able to benefit from that reputation, and from the consumer trust it engenders, without necessarily operating the way that American farmers and ranchers are reputed to do and then misused that consumer trust to pay domestic producers 40% less on average per year since 2015 less for their born and raised American beef that they sell alongside foreign beef to the consumer under the same labeling.

29.     Reasonable consumers rely on manufacturers, their reputation, and the information provided in manufacturers' marketing in making purchase decisions, especially in purchasing food.

30.     Reasonable consumers lack the information and scientific knowledge necessary to ascertain the true source, quality, and nature of the beef products they purchase.

31.     Reasonable consumers must, and do, rely on Defendants to report honestly where the products originate.

32.     Reasonable consumers are misled and deceived by Defendants' labeling as to where the Products originate from and what that means for how the Product was produced.

33.     Defendants made these false, misleading, and deceptive representations, and omitted the

true information that would counter them, knowing that consumers would rely upon the representations and omissions in purchasing the Products.

34.     In making the false, misleading, and deceptive representations and omissions at issue, Defendants knew and intended for consumers to purchase the Products believing them to be products of the United States when consumers might otherwise purchase a competing product that was actually born, raised and slaughtered in the United States.

35.     In making the false, misleading, and deceptive representations and omissions at issue, Defendants also knew and intended that consumers would purchase foreign beef believing that they were purchasing something that represented a humane, environmentally sound and/or socially responsible, production furthering Defendants' private interest of increasing their profits through the sale of what would otherwise be cheaper valued products to the consumer and decreasing the sales of products that are truthfully marketed by its competitors.

36.     Upon information and belief, Defendants have profited enormously to the detriment of consumers and domestic producers from its falsely marketed products. It is understood that on average per year since 2015, imports for Defendants represents close to $6.2 Billion annually.

37.     Defendants' conduct in representing the Products as being products of the United States deceived and/or is likely to deceive the public.

38.     To this day, Defendants continue to conceal and suppress the true origination of the Products.

39.     Defendants' concealment tolls the applicable statute of limitations.

40.     Upon information and belief, Defendants have failed to remedy the problems with their marketing, thus causing future harm to consumers, as well as real, immediate, and continuing

harm.

41.     Plaintiff Thornton and other members of the Class and Subclass will continue to suffer injury if Defendants' deceptive conduct is not enjoined. Plaintiff Thornton would like to continue purchasing the Products in the future. But as a result of Defendants wrongful acts, Plaintiff Thornton and other reasonable consumers can no longer rely on the truth and accuracy of the origination of Defendants' Products. Absent an injunctive order, Plaintiff Thornton and other reasonable consumers are prevented from making a meaningful and informed choice, and are otherwise at continued risk of real and immediate threat of repeated injury, including purchasing deceptively labeled and packaged Products sold at prices above their true market value.

42.     Defendants have failed to provide adequate relief to members of the Class as of the date of filing this Complaint.

## JURISDICTION AND VENUE

43.     This Court has subject matter jurisdiction under the New Mexico Constitution and the Unfair Practices Act, NMSA 1978 57-12-1 *et seq.*

44.     This Court has personal jurisdiction over the parties in this case. Defendants conduct business in New Mexico and avails themselves of the laws of this State to market, promote, distribute, and sell the Defendants' Products to consumers throughout New Mexico.

45.     Venue is proper in this District because substantial acts in furtherance of the alleged improper conduct, including the dissemination of false and misleading information regarding the nature, quality, and/or ingredients of the Products, occurred within this District; Plaintiff Thornton resides in and purchased the Products in this District; and Plaintiff Thornton brings this action under the laws of New Mexico.

## CLASS ALLEGATIONS

46.     Plaintiff Thornton brings this action as a class action pursuant to NMRA Rule 1-023. Plaintiff seeks to represent the following Class and Sub-Class.

>   (1)   All consumers in the United States who purchased the Defendants' Products during the applicable limitations period, for their personal use, rather than for resale or distribution ("Class").

>   (2)   All consumers in New Mexico who purchased the New Mexico Products during the applicable limitations, for their personal use, rather than for resale or distribution ("New Mexico Sub-Class").

47.     Excluded from the Class and New Mexico Sub-Class are (1) Defendants, any entity or division in which any Defendants' have a controlling interest, and Defendants' legal representatives, officers, directors, assigns, and successors; and (2) the judge to whom this case is assigned and the judge's staff.

48.     The requirements of Federal Rule of Civil Procedure 23 are satisfied:

>   A.   <u>Numerosity</u>: The members of the Class and the New Mexico Sub-Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is currently unknown to Plaintiff Thornton, based on Defendants' volume of sales, Plaintiff Thornton estimates that each will number greater than 40, if not more.

>   B.   <u>Commonality</u>: There are questions of law and fact that are common to the Class members and that predominate over individual questions, and therefore, the requirements of Rule 23(b)(3) are met. The common questions of law and fact include the following:

i.   Whether Defendants materially misrepresented, either through express or implied representations, that the muscle cut of beef in the Products originated exclusively from the United States;

ii.   Whether Defendants misrepresented and/or failed to disclose material facts concerning the Products;

iii.   Whether Defendants' labeling, marketing, and sale of the Products as products of the United States constitutes unfair, deceptive, fraudulent, or unlawful conduct;

iv.   Whether Defendants warrantied the Products to contain originating exclusively from the United States;

iv.   Whether Defendants procured and have retained ill-gotten gains from members of the Class;

v.   Whether Defendants' conduct injured consumers and, if so, the extent of the injury;

vi.   Whether Plaintiff Thornton and the Class or New Mexico Sub-Class members are entitled to injunctive relief; and

viii.   The appropriate remedies for Defendants' conduct.

C.   Typicality: Plaintiff Thornton's claims are typical of the claims of the Class and New Mexico Sub-Class because Plaintiff Thornton suffered the same injury- i.e., Plaintiff Thornton purchased the Products based on Defendants' misleading representations and omissions about the origination of those cattle for the Products.

D.   Adequacy: Plaintiff Thornton will fairly and adequately represent and

protect the interests of the members of the Class and the New Mexico Sub-Class. Plaintiff Thornton does not have any interests that are adverse to those of the Class members or New Mexico Sub-Class members. Plaintiff Thornton has retained competent counsel experienced in class action litigation and intends to prosecute this action vigorously.

      E.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Since the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it virtually impossible for the Class members to seek redress for the wrongful conduct alleged.

49.    The prerequisites for maintaining a class action for injunctive or equitable relief under NMRA 1-023 are met because Defendants have acted or refused to act on grounds generally applicable to the Class and to the New Mexico Sub-Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of the New Mexico Unfair Practices Act**
**(On Behalf of Plaintiff and the New Mexico Subclass)**

50.    Plaintiff Thornton repeats the allegations in all the foregoing paragraphs as if fully set forth herein.

51.    Plaintiff Thornton brings this claim on her own behalf and on behalf of the New Mexico Subclass.

52.    The Unfair Practices Act (N.M.S.A. §§ 57-12-1 *et seq.* ("UPA")) declares unlawful all "[u]nfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce." N.M.S.A. § 57-12-1. The UPA is to be liberally construed to protect the public and encourage fair and honest competition.

53.    Defendants have acted unfairly and deceptively, in violation of the UPA, by misrepresenting to consumers that the muscle cuts of beef in the Products exclusively originates from American Ranchers and Farmers. This representation was likely to mislead consumers acting reasonably under the circumstances and did mislead consumers acting reasonably under the circumstances.

54.    Having made these representations, Defendants have acted unfairly and deceptively, in violation of the UPA, by omitting information about the actual origination of the beef in the Products, a great amount of which originates from imports of beef and imported foreign cattle. This omission was likely to mislead consumers acting reasonably under the circumstances and did mislead consumers acting reasonably under the circumstances.

55.    Defendants' representations and omissions were material to consumers. Defendants' representations and omissions led consumers to believe that the Products were derived from American ranches and farms with a reputation of humane standards, food safety protections, and environmental responsibility. Defendants' representations and omissions led consumers to purchase imported Products, to purchase more of those Products, and/or to pay a higher price for the Products than they otherwise would have.

56.     Although it is not necessary for Plaintiff Thornton to prove that Defendants intended to act unfairly or deceptively, on information and belief, Defendants did so intend, and did knowingly capitalize on the reputation of domestic beef producers to make material representations and omissions to consumers in New Mexico and across the nation.

57.     Defendants acted with malice, ill will, or wanton conduct in deceiving New Mexico consumers about how their purchasing dollars are being spent, and whether they are supporting domestic producers, or unwittingly spending in support of foreign beef operations associated with environmental degradation. Defendants acted with malice, ill will, or wanton conduct in deceiving New Mexico consumers who wish to support environmentally responsible socially conscious New Mexico and USA-based businesses.

58.     Pursuant to NMSA § 57-12-10, a person who sustains injury or damages as a result of practices prohibited by UPA may sue for equitable relief and to recover damages or return of consideration. Plaintiff Thornton sustained injury and damages when she saw Defendants' representations about the Products and purchased the Products at the frequency and price she did.

59.     Plaintiff Thornton brings this claim for violation of the UPA on her own behalf, and on behalf of other New Mexico consumers who saw the Products labeled as products of the United States and purchased the Products. Plaintiff Thornton is a "person'" pursuant to NMSA § 57-12-2.

60.     Plaintiff Thornton and members of the New Mexico Subclass are entitled to:

      a.  equitable relief;

      b.  actual damages or the sum of one hundred dollars ($100), whichever is greater;

      c.  exemplary damages up to three times actual damages or three hundred dollars ($300), whichever is greater; and

d.   attorneys' fees and costs.

NMSA § 57-12-10.

**COUNT II**
**Breach of Express Warranty (On Behalf of Plaintiff and the Class)**

61.    Plaintiff Thornton repeats the allegations in all the foregoing paragraphs as if fully set forth herein.

62.    Plaintiff Thornton brings this claim on her own behalf and on behalf of the Class.

63.    Defendants provided Plaintiff Thornton and members of the Class with written express warranties including, but not limited to, warranties that Products originated exclusively from domestic beef producers.

64.    Plaintiff Thornton and members of the Class purchased the Products believing them to conform to the express warranties.

65.    Defendants breached these warranties.

66.    As a proximate result of the breach of warranties by Defendants, Plaintiff Thornton and the members of the Class did not receive goods as warranted and did not receive the benefit of the bargain. They have been injured and have suffered damages in an amount to be proven at trial.

**COUNT III**
**Unjust Enrichment**
**(On Behalf of Plaintiff and the Class)**

67.    Plaintiff Thornton repeats the allegations in all the foregoing paragraphs as if fully set forth herein.

68.    Plaintiff Thornton brings this claim on her own behalf and on behalf of the Class.

69.    To the extent required by law, this cause of action is pleaded in the alternative to Plaintiff Thornton's contract-based claims.

70.     As the intended, direct, and proximate result of Defendants' conduct, Defendants have been unjustly enriched through sales of imported Products at the expense of Plaintiff Thornton and the Class members.

71.     Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiff Thornton and the Class members, in light of the fact that the products they purchased were not what Defendants purported them to be.

**PRAYER FOR RELIEF**

Plaintiff Thornton, on her own behalf and on behalf of the Class and the New Mexico Subclass, prays for the following relief:

A.     An order certifying the Class and New Mexico Subclass under Rule 23 of the New Mexico Rules of Civil Procedure and naming Plaintiff Thornton as Class and New Mexico Subclass Representative and her attorneys as Class Counsel;

B.     A declaration that Defendants are financially responsible for notifying Class and New Mexico Subclass members of the pendency of this suit;

C.     An order declaring that Defendants' conduct violates the New Mexico UPA;

D.     An order providing appropriate equitable relief in the form of an injunction against Defendants' unlawful and deceptive acts and practices, and requiring proper, complete, and accurate representation, packaging, and labeling of the Products;

E.     An order providing appropriate equitable relief in the form of an injunction against Defendants' unlawful and deceptive acts and practices, and requiring that Defendants remove and refrain from making representations on the Products' packaging that beef that

24

is not born, raised and slaughtered in the US is not exclusively a product of the US and requiring that any Products from cattle that are not born, raised and slaughtered in the US be labeled in a way to disclose the accurate and complete origination of the Product;

F.     Actual damages for members of the New Mexico Subclass pursuant to NMSA § 57-12-10;

G.     Exemplary damages of 3 times the actual damages for members of the New Mexico Subclass pursuant to NMSA § 57-12-10;

H.     Restitution for members of the Class to recover Defendants' ill-gotten benefits;

I.     Damages for members of the Class arising from Defendants' breach of warranty;

J.     An order finding in favor of Plaintiff Thornton and the Class and New Mexico Subclass on all counts asserted herein;

K.     Prejudgment interest on all amounts awarded;

L.     An order of restitution and all other forms of equitable monetary relief;

M.     Injunctive relief as the Court may deem appropriate; and

N.     An order awarding Plaintiff Thornton, the Class and New Mexico Subclass their attorneys' fees and expenses and costs of suit.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**1/7/2020 3:58 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Thomas Wilson**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**ROBIN G. THORNTON,**
**on behalf of herself and others**
**similarly situated,**

     **Plaintiff,**

D-202-CV-2020-00109

**v.**　　　　　　　　　　　　　　　　**Case No.** _____

**TYSON FOODS, INC,**
**CARGILL MEAT SOLUTIONS, CORP.,**
**JBS USA FOOD COMPANY,**
**NATIONAL BEEF PACKING COMPANY, LLC**

     **Defendants.**

## PLAINTIFF'S CERTIFICATION REGARDING ARBITRATION

The Law Offices of Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq.) counsel for Plaintiff, certify that:

**_____**　　This case is subject to referral to arbitration. No party seeks relief other than a money judgment and no party seeks an award in excess of $25,000, inclusive of punitive damages and exclusive of interest, costs and attorney's fees.

**__XX__**　　This case is not subject to referral to arbitration because at least one party seeks relief other than a money judgment and/or at least one party seeks an award in excess of $25,000 inclusive of punitive damages and exclusive of interest, costs and attorney's fees.

     Respectfully Submitted,

     WESTERN AGRICULTURE, RESOURCE
     AND BUSINESS ADVOCATES, LLP

     */s/ A. Blair Dunn*_____
     A. Blair Dunn, Esq.
     400 Gold Ave SW, Suite 1000
     Albuquerque, NM 87102
     (505) 750-3060
     abdunn@ablairdunn-esq.com

Counsel for the Plaintiff hereby certifies that a copy of the foregoing will be served on Defendants together with the Complaint.

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**1/9/2020 2:37 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Lourdes Perez**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**ROBIN G. THORNTON,**
**on behalf of herself and others**
**similarly situated,**

   **Plaintiff,**

**v.**           **Case No. D-202-CV-2020-00109**

**TYSON FOODS, INC,**
**CARGILL MEAT SOLUTIONS, CORP.,**
**JBS USA FOOD COMPANY,**
**NATIONAL BEEF PACKING COMPANY, LLC**

   **Defendants.**

**NOTICE OF PEREMPTORY ELECTION TO EXCUSE DISTRICT JUDGE**

  Plaintiff Robin Thornton, by and through counsel of record Western Agriculture,

Resource and Business Advocates, LLP (A. Blair Dunn, Esq.) and pursuant to Rule 1-088.1

NMRA 2018 hereby exercises a peremptory challenge to excuse the Denise Barela-Shepherd,

District Judge, from proceeding further in this action.

       Respectfully submitted;

       WESTERN AGRICULTURE, RESOURCE
       AND BUSINESS ADVOCATES, LLP

       */s/ A. Blair Dunn*
       A. Blair Dunn, Esq.
       *Attorney for Plaintiff*
       400 Gold Ave SW, Suite 1000
       Albuquerque, NM 87102
       (505) 750-3060
       abdunn@ablairdunn-esq.com

CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2020 I filed the foregoing via the NM E-Filing system and cause a copy to be served upon Defendants with the Summons and Complaint.

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**1/9/2020 5:18 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Lourdes Perez**

**STATE OF NEW MEXICO**
**BERNALILLO COUNTY**
**SECOND JUDICIAL DISTRICT COURT**

**ROBIN G THORNTON**

**V.**

**TYSON FOODS INC, ET AL.**                                  No. D-202-CV-2020-00109

### NOTICE OF JUDGE REASSIGNMENT

The above referenced case has been reassigned to the Honorable Benjamin Chavez, District Judge, Second Judicial District.  This reassignment is effective 1/9/2020.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

*Lourdes Perez*

**By:** _____
                      **Deputy**

Electronically Filed On:  1/9/2020
To All Parties Entitled to Notice

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
1/17/2020 12:44 PM
James A. Noel
CLERK OF THE COURT
Shellene Romero

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**ROBIN G. THORNTON,**
**on behalf of herself and others**
**similarly situated,**

        **Plaintiff,**

**v.**                            **Case No. D-202-CV-2020-00109**

**TYSON FOODS, INC,**
**CARGILL MEAT SOLUTIONS, CORP.,**
**JBS USA FOOD COMPANY,**
**NATIONAL BEEF PACKING COMPANY, LLC**

        **Defendants.**

## JURY DEMAND

COMES NOW, Plaintiff Robin Thornton, by and through her attorneys of record,

Western Agriculture, Resource and Business Advocates, LLP (A. Blair Dunn, Esq.) and pursuant

to NMRA 1-038, hereby demands trial of factual issues by a jury of Six (6) persons and deposits

herewith the sum of One Hundred Fifty Dollars ($150.00) with the Clerk of the Court as

required.

                        Respectfully Submitted,

                        Western Agriculture, Resource and
                        Business Advocates, LLP

                        */s/ A. Blair Dunn*
                        A. Blair Dunn, Esq.
                        400 Gold Ave. SW, Suite 1000
                        Albuquerque, NM 87102
                        (505) 750-3060

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Jury Demand will be served upon Defendants via USPS as follows:

Tyson Foods, Inc.
c/o Registered Agent
206 S. Coronado Ave.
Espanola, NM 87532-2792

Cargill Meat Solutions Corp.
c/o Registered Agent
1108 E. South Union Ave.
Midvale, UT 84047

JBS USA Food Company
c/o Registered Agent
1900 W. Littleton Blvd.
Littleton, CO 82012

National Beef Packing Company, LLC
c/o Registered Agent
120 South Central Ave.
Clayton, MO 63015

*/s/. A. Blair Dunn*
A. Blair Dunn, Esq.

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
1/17/2020 1:00 PM
James A. Noel
CLERK OF THE COURT
Marissa Marquez

| SUMMONS FOR COMPLAINT | |
|---|---|
| District Court: Second Judicial District Court<br>Court Address: 400 Lomas Blvd NW<br>Albuquerque, NM 87102<br>Court Telephone No.: 505-841-8400 | Case Number: D-202-CV-2020-00109<br><br>Judge: Denise Barela-Shepherd |
| Plaintiff(s):<br>ROBIN G. THORNTON<br>v.<br>Defendant(s):<br>   TYSON FOODS, INC.,<br>   CARGILL MEAT SOLUTIONS, CORP.,<br>   JBS USA FOOD COMPANY,<br>   NATIONAL BEEF PACKING COMPANY,<br>   LLC. | Defendant:<br>Name: NATIONAL BEEF PACKING<br>COMPANY, LLC<br><br>Address: 120 South Central Ave.<br>      Clayton, MO 63015 |
| | |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____, New Mexico, this ____ day of _1/9/2020_, 20__.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _Cathy Chavez, Deputy_

/s/ A. Blair Dunn
Signature of Attorney for Plaintiff
   Name: A. Blair Dunn
   Address:400 Gold Ave SW, Suite 1000
   Albuquerque, NM 87102
   Telephone No.: (505) 750-3060
   Fax No.:(505) 226-8500
   Email Address: abdunn@ablairdunn-esq.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

1

**RETURN**[1]

STATE OF ~~NEW MEXICO~~ *Missouri*        )
                                          ) ss.
COUNTY OF *St Louis*                      )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *St Louis* county on the *14* day of *January* *2020*, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[✱] to *Bonnie Love at CT Corp*, an agent authorized to receive service of process for defendant *National Bird*.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service

*Process Server*
Title (*if any*)

Subscribed and sworn to before me this *14* day of *January*, *2020*

_____
Judge, notary or other officer
authorized to administer oaths

*Notary Public*
Official title

ROBERT M. WEST
My Commission Expires
February 22, 2021
St. Louis County
Commission #13456278

USE NOTE

    1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
1/17/2020 1:00 PM
James A. Noel
CLERK OF THE COURT
Marissa Marquez

## SUMMONS FOR COMPLAINT

| | |
|---|---|
| District Court: Second Judicial District Court<br>Court Address: 400 Lomas Blvd NW<br>Albuquerque, NM 87102<br>Court Telephone No.: 505-841-8400 | Case Number: D-202-CV-2020-00109<br><br>Judge: Denise Barela-Shepherd |
| Plaintiff(s):<br>ROBIN G. THORNTON<br>v.<br>Defendant(s):<br>    TYSON FOODS, INC.,<br>    CARGILL MEAT SOLUTIONS, CORP.,<br>    JBS USA FOOD COMPANY,<br>    NATIONAL BEEF PACKING COMPANY,<br>    LLC. | Defendant:<br>Name: TYSON FOODS, INC.<br><br>Address: 206 S. Coronado Ave.<br>        Espanola, NM 87532-2792 |
| | |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____, New Mexico, this ____ day of _1/9/2020_, 20__.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
    Cathy Chavez, Deputy

_/s/ A. Blair Dunn_____
Signature of Attorney for Plaintiff
    Name: A. Blair Dunn
    Address: 400 Gold Ave SW, Suite 1000
    Albuquerque, NM 87102
    Telephone No.: (505) 750-3060
    Fax No.:(505) 226-8500
    Email Address: abdunn@ablairdunn-esq.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**[1]

STATE OF NEW MEXICO        )
                           ) ss.
COUNTY OF *Rio Arriba*     )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in *Rio Arriba* county on the *13* day of *January 2020* _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____ (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[X] to *Carlos Trujillo* *C/o C T Corporation System*, an agent authorized to receive service of process for defendant *Tyson Foods, Inc.*

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: *$135.55*

*Manuel A Martinez*
Signature of person making service

_____
Title (*if any*)

Subscribed and sworn to before me this *13* day of *January 2020*

_____
Judge, notary or other officer
authorized to administer oaths

*notary*
Official title

OFFICIAL SEAL
Patricia Padilla
NOTARY PUBLIC
STATE OF NEW MEXICO
My Commission Expires: 11 21 21

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
1/17/2020 1:00 PM
James A. Noel
CLERK OF THE COURT
Marissa Marquez

| | |
|---|---|
| **SUMMONS FOR COMPLAINT** | |
| District Court: Second Judicial District Court<br>Court Address: 400 Lomas Blvd NW<br>Albuquerque, NM 87102<br>Court Telephone No.:  505-841-8400 | Case Number: D-202-CV-2020-00109<br><br>Judge: Denise Barela-Shepherd |
| Plaintiff(s):<br>ROBIN G. THORNTON<br>v.<br>Defendant(s):<br>    TYSON FOODS, INC.,<br>    CARGILL MEAT SOLUTIONS, CORP.,<br>    JBS USA FOOD COMPANY,<br>    NATIONAL BEEF PACKING COMPANY,<br>    LLC. | Defendant:<br>Name: CARGILL MEAT SOLUTIONS,<br>CORP.<br><br>Address: 1108 E. South Union Ave.<br>    Midvale, UT 84047 |
| | |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that
1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____, New Mexico, this ____ day of  1/9/2020 , 20__.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _Cathy Chavez, Deputy_

_/s/ A. Blair Dunn_
Signature of Attorney for Plaintiff
    Name: A. Blair Dunn
    Address:400 Gold Ave SW, Suite 1000
    Albuquerque, NM 87102
    Telephone No.: (505) 750-3060
    Fax No.:(505) 226-8500
    Email Address: abdunn@ablairdunn-esg.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

RETURN[1]

STATE OF ~~NEW MEXICO~~  KANSAS  )
                                 ) ss.
COUNTY OF  SHAWNEE               )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _Shawnee_ county on the _10th_ day of _January_, _2020_, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

*10:24* [X] to _The Corporation  linda Forge_, an agent authorized to receive service of process for defendant _Cargill Meat Sol Corp_ _Company - Melinda_

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ] to _____ (*name of person*), _____ (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_Michelle Brokaw_        _785-233-9426_
Signature of person making service

_KS licensed PI D-5313_
Title (*if any*)

Subscribed and sworn to before me this _10th_ day of _January, 2020_[2]

_____
Judge, notary or other officer
authorized to administer oaths

_Notary Public_
Official title

> Dylan T. Ford
> NOTARY PUBLIC—STATE OF KANSAS
> MY APPT EXP: _05/05/2021_

USE NOTE

    1.   Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

    2.   If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

| SUMMONS FOR COMPLAINT | |
|---|---|
| District Court: Second Judicial District Court<br>Court Address: 400 Lomas Blvd NW<br>Albuquerque, NM 87102<br>Court Telephone No.: 505-841-8400 | Case Number: D-202-CV-2020-00109<br><br>Judge: Denise Barela-Shepherd |
| Plaintiff(s):<br>ROBIN G. THORNTON<br>v.<br>Defendant(s):<br>    TYSON FOODS, INC.,<br>    CARGILL MEAT SOLUTIONS, CORP.,<br>    JBS USA FOOD COMPANY,<br>    NATIONAL BEEF PACKING COMPANY,<br>    LLC. | Defendant:<br>Name: JBS USA FOOD COMPANY<br><br>Address: 1900 w. Littleton Blvd.<br>    Littleton, CO 82012   **FILED**<br>  **2nd JUDICIAL DISTRICT COURT**<br>    **Bernalillo County**<br>    **1/17/2020 1:00 PM**<br>    **James A. Noel**<br>  **CLERK OF THE COURT**<br>    **Marissa Marquez** |
| | |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that
1. A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.
2. You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.
3. You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.
4. If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.
5. You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.
6. If you need an interpreter, you must ask for one in writing.
7. You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at _____, New Mexico, this ____ day of _1/9/2020_ , 20__.

JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____

/s/ A. Blair Dunn
Signature of Attorney for Plaintiff
    Name: A. Blair Dunn
    Address: 400 Gold Ave SW, Suite 1000
    Albuquerque, NM 87102
    Telephone No.: (505) 750-3060
    Fax No.: (505) 226-8500
    Email Address: abdunn@ablairdunn-esq.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

COLORADO                           **RETURN**[1]
STATE ~~OF NEW MEXICO~~      )
                             ) ss.
COUNTY OF __ARAPAHOE__       )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in ___Arapaho___ county on the __10th__ day of __January 2020__, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ] to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ] to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ] to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ] to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ] to _____, an agent authorized to receive service of process for defendant _____.

[ ] to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[X] to __Corporation Service Company - Cole Stender__ (*name of person*), __Registered Agent__, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

SEE ATTACHED
_____
Signature of person making service


_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, _____[2]

_____
Judge, notary or other officer
authorized to administer oaths


_____
Official title

2

**Court:** _District Court, Second Judicial District Court, New Mexico_
**Case Name:** _D-202-CV-2020-00109_
**Case Number:** _Robin G Thornton v Tyson Foods, Inc_

## RETURN OF SERVICE

**IN THE STATE OF COLORADO, COUNTY OF JEFFERSON,** I declare under oath that I served the documents specified here, _**Summons for Complaint, and Class Action Complaint**_ on the person specified on the document herein after referred to as **SUBJECT**. At the time of service **SUBJECT** was located at: _**1900 W Littleton Blvd**_, City of: _**Littleton**_, ZIP _**80122**_, County of _**Arapahoe**_, **COLORADO**, on _**1/10/2020**_ at _**9:45a.m**_.

**NAME OF SUBJECT SERVED:** _**JBS USA Food Company**_

- [ ] By leaving the documents with the individual identified to me as **SUBJECT**
- [ ] By leaving the documents with **SUBJECT** who refused service.
- [x] By leaving the documents at the usual place of business with **SUBJECT'S** _**Registered Agent- Cole Stender with the Corporation Service Company**_ Designated to receive service for **SUBJECT**.
- [ ] By leaving documents with a family member over the age of 18 at the **SUBJECT'S** usual place of abode

I am over the age of 18 and am not in any way interested in or party to this case.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUBSCRIBED AND SWORN** to before me this 15th day of _____ 2020, by Telecia Smith, in JEFFERSON COUNTY, COLORADO.

_____        _____
Notary Public/Commission Expires        Private Process Server

Herald Woolsey
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 19914014109
MY COMMISSION EXPIRES      October 19, 2023